Martha Bosley, Plaintiff and Appellant, v. L. F. Lam-
mers and L. L. Zenor, Defendants, and I. K. Wil-
son, Intervener, Appellee.

Contracts: NONPERFORMANCE: RIGHTS OF THIRD PARTIES. Where a
party agreed to pay a certain sum on the exchange of proper-
ties, and also a certain note on which the wife of the other
party was a surety, and in addition gave another note indorsed
in blank as collateral, the rights of the wife in paying the
note on which she was surety and in obtaining the collateral were
governed by the contract, and she could only recover to the ex-
tent of his nonperformance.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

WEDNESDAY, NOVEMBER 20, 1912.

ACTION upon a promissory note. There was an intervention by one Wilson, the payee of the note, and alleged assignor to the plaintiff. On May 29, 1911, judgment was rendered for the plaintiff upon the pleadings for the full amount of the note, $1,158. Two days later and at the same term a motion was filed by the intervener to set aside the judgment. On June 3 this motion was sustained in part, and the judgment as entered was modified. The plaintiff appeals.—*Affirmed.*

*A. M. Miller,* for appellant.

No appearance for appellee.

EVANS, J.—The plaintiff is the wife of B. J. Bosley. In March, 1910, B. J. Bosley and the intervener Wilson entered into a contract of exchange of property. This contract called for a conveyance from Wilson to Bosley of certain Texas land, and from Bosley to Wilson of certain stock in the Valley Union Coal Company. It also provided that Wilson should pay to Bosley a sum upwards of $1,200, and that he should pay also a certain note of $800 held by the First National Bank of Valley Junction. Later Wilson put up "as security for the fulfillment of this agreement" a note for $1,049.56, and this is the note in suit. It does not appear into whose hands the note was put, but a writing was signed by B. J. Bosley and I. K. Wilson stating that such note was put "in escrow." Later a further agreement or modification was entered into and signed by the same parties. Certain papers, including the note in suit, were put into the hands of A. M. Miller. The

note was indorsed in blank by Wilson. The agreement entered into at that time contained the following provision: "And on the failure to pay said note to said Valley Bank the said A. M. Miller may collect the amount of said note and pay to the said Bosley or to Martha Bosley the amount thereof, less the costs of collection."

Martha Bosley was not a party to the agreement nor to any modification thereof. Neither did any of the writings disclose any interest on her part therein, nor did her name appear therein except as above quoted. Upon the trial, however, it was made to appear that she was a surety upon the $800 note held by the First National Bank of Valley Junction. The undertaking of Wilson, therefore, to pay the $800 note operated beneficially to her. Wilson failed to pay the note. Martha Bosley, as surety, was compelled to pay it. Thereupon she brought this suit against the makers to recover the full amount of the collateral note on the theory that she was an assignee thereof; the same having been indorsed in blank by Wilson. Wilson intervened in such action and pleaded that he was the owner of the note, and that the plaintiff had no interest therein unless it be as security for the $800 note. He further pleaded that another action was pending between himself and B. J. Bosley, the plaintiff's husband, wherein he prayed for a rescission of the contract. This petition of intervention was filed March 20, 1911. This was the state of the pleadings when the trial court entered judgment thereon without trial on May 29th. The merits of the case were not developed until the hearing on the motion of the intervener to set the judgment aside. In plaintiff's motion for judgment, she had incorporated an allegation that rescission of the contract had been refused to the intervener, Wilson, by another branch of the court. Upon the hearing of the motion to set aside, it was made to appear that the plaintiff's husband, B. J. Bosley, had brought an action in his own behalf on the contract against Wilson, wherein he

claimed to recover of Wilson, among other items, the sum of $800, for his failure to pay the First National Bank note. This suit was tried in another branch of the court and went to judgment in the latter part of April, 1911. Bosley prevailed in that suit and was allowed full recovery as to the $800 and other items. Offsets, however, were allowed as against Bosley arising out of the same contract, and a balance was found in his favor of only $425. Upon the final hearing in the present case, the trial court took notice of these facts and modified the judgment accordingly by reducing the interest of the plaintiff therein to the sum of $425 and interest.

It is now argued for appellant that she was not a party to the other case and was not bound by any judgment entered therein. Granting that this appellant was not bound by the judgment as such, she was nevertheless affected by the facts herein stated. Her right to sue on the note, if any, arose wholly out of the contract between Wilson and her husband. The contract was indivisible. Her rights were not separate or independent from those of her husband under the contract. Her rights under the contract were only incidental to those of her husband and inseparable therefrom. A performance of the contract to Bosley was all that was required from Wilson. If Wilson had performed in full to Bosley, it would terminate his liability. Lacking only $425 of performance, that was the full measure of his remaining liability under the contract. Wilson's liability could not be increased by controversy or dispute, if any, between the plaintiff and her husband. He was not bound to do business with both of them. Indeed, it does not appear that there was any controversy between them. The effect of the final order of the trial court was to limit the full liability of Wilson to the sum of $425, for which judgment had already been obtained against him by the husband.

The order was clearly right, and it is—*Affirmed.*